## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELLY SAWYER HOWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-11-0017-M |
| ) | |
| **MICHAEL J. ASTRUE,** *Commissioner* ) | |
| *of the Social Security Administration*, ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Kelly Howell ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by protectively filing her applications seeking disability insurance benefits and supplemental security income payments in January, 2008 [Tr. 105 - 112, 113 - 115, and 129]. She alleged that difficulties with her right shoulder and arm along with chronic asthma and Hepatitis C became disabling as of January 15, 2008 [Tr. 133 - 134]. Plaintiff's claims were denied and, at her request, an Administrative Law Judge

("ALJ") conducted a September, 2009 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 23 - 41 and 67 - 68]. In a March, 2010 decision, an ALJ found that Plaintiff retained the capacity to perform both her past relevant work as a housekeeper as well as other work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 11 - 18]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 3], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents several claims of error on judicial review, remand is recommended because the ALJ failed to properly evaluate the evidence – both objective and opinion – provided by Plaintiff's treating physician, Wendy S. Bartanen, M.D. Accordingly, the remaining claims will not be addressed. *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they

may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

The record in this matter contains notes[1] generated by Wendy Bartanen, M.D., – who was affiliated with the Hearts that Care Volunteer Health Clinic [Tr. 284] – in connection with her treatment of Plaintiff's asthma, Hepatitis C, seizure disorder, mental difficulties, and shoulder [Tr. 196, 280, 281, 283, 293, and 370]; test results and other notations reflecting Dr. Bartanen's involvement [Tr. 199, 200, 201, 202, 203, 204, 226, 227, 282, 286, 288, 289, 291, 292, 295, 296, 365, 366, 368, 371, and 373]; and, an emergency room report stating that the attending physician, who diagnosed seizure disorder and pedal edema, had discussed the case with Dr. Bartanen [Tr. 346 - 347]. In addition, in September, 2008 Dr. Bartanen completed both a Mental Medical Source Statement assessing functional restrictions arising from Plaintiff's bi-polar disorder [Tr. 325 - 328] and a Physical Medical Source Statement evaluating limitations resulting from Plaintiff's seizure activity and shoulder condition [Tr. 329 - 331]. Finally, the record contains a second Physical Medical Source Statement – again focused on Plaintiff's history of seizures – provided by Dr. Bartanen in June, 2010 [Tr. 400 - 402].[2]

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the

---

[1] Certain of the listed records are duplications.

[2] This exhibit post-dates the decision by the ALJ in March, 2010 [Tr. 11 - 18] but pre-dates the Appeals Council's November, 2010 denial of review [Tr. 1 - 3]. There is no indication that the Appeals Council considered this new evidence.

4

treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins,* 350 F.3d at 1300. The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300.

Once the ALJ determines that a treating source opinion is not entitled to controlling weight, he must consider the weight he does give to such opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* "Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or

testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* at 1300-1301. If he rejects the opinion completely, the ALJ must offer specific and legitimate reasons for so doing. *Id.*; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, the ALJ's *only* discussion of Dr. Bartanen's treatment of Plaintiff and the doctor's opinions of Plaintiff's functional restrictions is as follows:

> The State non examining medical expert noted that a Medical Source Statement had been completed on behalf of the claimant by W. Barten, M.D., of Hearts that Care Volunteer Health Clinic (Exhibits B12F and B13F) and was not supported by a preponderance of evidence in the file (Exhibit B14F).
>
> * * *
>
> The undersigned agrees with the State non examining medical expert that the Medical Source Statements completed by W. Barten, M.D. are not supported by any credible evidence, testing, laboratory reports or treatment notes. The only legible statement from the Hearts that Care Clinic is a hand written note dated June 12, 2008 and indicates that the claimant came to the clinic because she could not get her medications changed otherwise. The note is not signed by a doctor (Exhibit B10F).[3]

[Tr. 15 - 16].

The reasons provided by the ALJ for rejecting Dr. Bartanen's opinions lack legitimacy. It is demonstrably incorrect that Dr. Bartanen's medical source statements "are

---

[3]Presumably the ALJ is referring to a June, 2008 note by a social worker at the clinic who, in part, advised Plaintiff to follow-up with Dr. Bartanen at her "next med clinic." [Tr. 284].

not supported by *any* credible medical evidence, testing, laboratory reports or treatment notes" and that "[t]he only legible statement from the Hearts that Care Clinic is a hand written note dated June 12, 2008[.]" [Tr. 16, emphasis added]. As detailed above, the record contains numerous legible treatment notes and test results that were simply ignored by the ALJ. To the extent the ALJ intended to suggest not the total absence of evidence but rather the absence of any *credible* evidence, he failed to provide a reviewable explanation of why the evidence lacked credibility or how it failed to support Dr. Baranten's opinions of Plaintiff's functional limitations. And, the Commissioner's attempt on appeal [Doc. No. 18, pp. 5 - 11] to supply a such a rationale is unavailing. "Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir. 2004).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by December 5, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 14th day of November, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE